UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JENNIFER HOLT,

    Plaintiff,

v.                                        Case No:

TRUEACCORD CORP and
WEBBANK D/B/A KLARNA,        **DEMAND FOR JURY TRIAL**

    Defendants.
_____/

**PLAINTIFF'S COMPLAINT WITH INJUNCTIVE RELIEF SOUGHT**

**COMES NOW**, Plaintiff, **JENNIFER HOLT** ("Ms. Holt" or "Plaintiff") by and through the undersigned counsel, and hereby sues and files this Complaint and Demand for Jury Trial with Injunctive Relief Sought against Defendants, **TRUEACCORD CORP** ("Debt Collector"), and **WEBBANK D/B/A KLARNA** ("Debt Owner") (collectively "Defendants"), and in support thereof state as follows:

*Introduction*

1. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 *et. seq.* ("FCCPA"), by continuing to directly contact Ms. Holt after Defendant knew that Ms. Holt had notified Debt Collector that she was represented by counsel with respect to the alleged Debt and had been provided with Ms. Holt's attorney's name and contact information. Debt Collector also continued to contact

Plaintiffs' Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Holt v. TrueAccord Corp and Webbank d/b/a Klarna*
Page **1** of **10**

Ms. Holt after she demanded that Debt Collector stop contacting her, which can all reasonably be expected to harass Ms. Holt.

### *Jurisdiction and Venue*

2. This Court has subject matter jurisdiction over the instant case arising under the federal question presented in the FDCPA pursuant to 28 U.S.C. § 1331.

3. Venue lies in this District pursuant to 28 U.S.C. § 1391 (b), 15 U.S.C. § 1692k (d), and Fla. Stat. § 559.77 (1) as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

### *Parties*

4. Plaintiff, Ms. Holt, is a natural person and, at all times material hereto, is an adult, a resident of Pinellas County, Florida, a "consumer" as defined by 15 U.S.C. § 1692a (3).

5. At all times material hereto, Debt Collector was and is a corporation with its principle place of business in the State of CA and its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, FL 32301.

6. Further, at all times material hereto, Debt Collector is a "Debt Collector" as defined and 15 U.S.C. § 1692a (6).

7. At all times material hereto, Debt Owner was and is a bank with its headquarters located at 215 South State Street, Suite 1000, Salt Lake City, UT 84111.

8. Further, at all times material hereto, Debt Owner is a "Debt Collector" as defined and 15 U.S.C. § 1692a (6).

Plaintiffs' Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Holt v. TrueAccord Corp and Webbank d/b/a Klarna*
Page **2** of **10**

9. At all times material hereto, Debt Collector was performing debt collection owed to Debt Owner to satisfy Ms. Holt's alleged debt.

10. At all times material hereto, Debt Collector was acting within the scope of an employee, representative, or agent on behalf of Debt Owner for purposes of collecting Ms. Holt's alleged debt for Debt Owner.

11. As such, Debt Owner is responsible for the conduct of Debt Collector as its employee, representative, or agent.

12. Under information and belief, Debt Owner granted Debt Collector access to information and systems that normally would be within Debt Owner's exclusive control, including, but not limited to Ms. Holt's information.

13. Under information and belief, Debt Owner allowed Debt Collector to enter Ms. Holt's information into Debt Owner's sales or customer systems.

14. Under information and belief, Debt Owner gave Debt Collector authority to use the principal's trade name, trademark, or service mark.

15. Under information and belief, Debt Owner approved, wrote, or reviewed a form template e-mail for Debt Collector to use when e-mailing Ms. Holt.

16. Under information and belief, Debt Owner had actual knowledge of Debt Collector's FDCPA violations and Debt Owner failed to stop such violations by Debt Collector.

17. Under information and belief, via a contractual relationship between the parties, Debt Owner had control or the ability to control Debt Collector's actions in attempting to collect Ms. Holt's debt on behalf of Debt Owner.

Plaintiffs' Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Holt v. TrueAccord Corp and Webbank d/b/a Klarna*
Page **3** of **10**

## *Statements of Fact*

18. Ms. Holt opened a personal credit card account ("Account") with Debt Owner.

19. Sometime thereafter, Ms. Holt encountered financial difficulties and fell behind on her payments towards the Account and incurred an outstanding balance owed thereunder ("Debt").

20. Debt Owner then assigned the Account to Debt Collector for debt collection purposes.

21. In or around June of 2020, Debt Collector began sending collection e-mails Ms. Holt in attempts to collect the Debt.

22. On or around June 10, 2020, Ms. Holt contacted Debt Collector via email to support@trueaccord.com and notified Debt Collector that she was represented by counsel and provided her attorney's name and contact information. *See* **Exhibit A.**

23. In that same conversation, she also demanded that Debt Collector stop contacting her. *See* **Exhibit A.**

24. After Debt Collector had actual knowledge that Ms. Holt was represented by counsel with respect to the Debt, Debt Collector continued to send collection e-mails directly to Ms. Holt.

25. For example, on July 4, 2020, Debt Collector sent a collection e-mail to Ms. Holt's e-mail address in attempts to collect the Debt on behalf of Debt Owner ("Collection E-mail 1"). *See* **Exhibit B.**

Plaintiffs' Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Holt v. TrueAccord Corp and Webbank d/b/a Klarna*
Page **4** of **10**

26. Collection E-mail 1 was sent to Ms. Holt's e-mail address directly, represented an outstanding balance of $8.55, represented that the email was a communication from a debt collector and information collected would be used for that purpose, and offered options to pay that included pay by online portal. *See* **Exhibit B.**

27. On July 7, 2020, Debt Collector sent another collection e-mail to Ms. Holt's e-mail address in attempts to collect the Debt on behalf of Debt Owner ("Collection E-mail 2"). *See* **Exhibit C.**

28. Collection E-mail 2 was sent to Ms. Holt's e-mail address directly; represented an outstanding balance of $8.55 and demanded payment of such that day; stated that "you agreed to terms that indicate you are liable to pay this balance"; represented that the email was a communication from a debt collector and information collected wouldbe used for that purpose, and offered options to pay that included pay by online portal. *See* **Exhibit C.**

29. Debt Collector's Collection E-Mail 1 and Collection E-Mail 2 (collectively "Collection E-Mails") to Ms. Holt were sent in an attempt to collect the alleged Debt.

### *Count 1: Violation of the Fair Debt Collection Practices Act ("FDCPA")* ###
### *(as against Debt Collector)* ###

30. Ms. Holt re-alleges paragraphs 1-29 and incorporates the same herein by reference.

31. Ms. Holt is a "consumer" within the meaning of the FDCPA.

32. The subject debt is a "consumer debt" within the meaning of the FDCPA.

33. Debt Collector is a "debt collector" within the meaning of the FDCPA.

Plaintiffs' Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Holt v. TrueAccord Corp and Webbank d/b/a Klarna*
Page **5** of **10**

34. Debt Collector violated the FDCPA. Debt Collector's violations include, but are not limited to, the following:

   a. Debt Collector violated 15 U.S.C. § 1692c (a)(2) by sending Collection E-Mails directly to Ms. Holt after Debt Collector had actual knowledge that Ms. Holt was represented by counsel and knew of Ms. Holt's attorney's name and contact information.

   b. Debt Collector violated 15 U.S.C. § 1692c(c) by continuing to send Collection E-Mails to Ms. Holt after she demanded all communication cease in writing via email.

35. As a result of the above violations of the FDCPA, Ms. Holt has been subjected to illegal collection activities for which she has been damaged.

36. Debt Collector's actions have damaged Ms. Holt by violating her right to not be directly contacted with respect to the Debt while represented by an attorney.

37. Debt Collector's actions have damaged Ms. Holt by causing her stress.

38. Debt Collector's actions have damaged Ms. Holt by being a nuisance and causing her aggravation.

39. Debt Collector's actions have damaged Ms. Holt by invading her privacy.

40. It has been necessary for Ms. Holt to retain the undersigned counsel to prosecute the instant action, for which she is obligated to pay reasonable attorney's fees.

41. All conditions precedent to this action have occurred.

Plaintiffs' Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Holt v. TrueAccord Corp and Webbank d/b/a Klarna*
Page **6** of **10**

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Collector as follows:

    a. Awarding statutory damages as provided by 15 U.S.C. § 1692k(a)(2)(A);

    b. Awarding actual damages;

    c. Awarding costs and attorneys' fees;

    d. Ordering an injunction preventing further wrongful contact by the Debt Collector; and

    e. Any other and further relief as this Court deems just and equitable.

### *Count 2: Violation of the Florida Consumer Collection Practices Act ("FCCPA")*
### *(as against Debt Collector)*

42. Plaintiff re-alleges paragraphs 1-29 and incorporates the same herein by reference.

43. Debt Collector violated the FCCPA. Debt Collector's violations include, but are not limited to, the following:

    a. Debt Collector violated Fla. Stat. § 559.72(18) by continuing to send Collection E-Mails directly to Ms. Holt after Debt Collector knew Ms. Holt was represented by an attorney with respect to such Debt and had knowledge of, or could readily ascertain, such attorney's name and address.

44. As a result of the above violations of the FCCPA, Ms. Holt has been subjected to illegal collection activities for which she has been damaged.

Plaintiffs' Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Holt v. TrueAccord Corp and Webbank d/b/a Klarna*
Page **7** of **10**

45. Debt Collector's actions have damaged Ms. Holt by violating her right to not be directly contacted with respect to the Debt while represented by an attorney.

46. Debt Collector's actions have damaged Ms. Holt by causing her stress.

47. Debt Collector's actions have damaged Ms. Holt by being a nuisance and causing her aggravation.

48. Debt Collector's actions have damaged Ms. Holt by invading her privacy.

49. It has been necessary for Ms. Holt to retain the undersigned counsel to prosecute the instant action, for which she is obligated to pay reasonable attorney's fees.

50. All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Collector as follows:

    a. Awarding statutory damages as provided by Fla. Stat. § 559.77;

    b. Awarding actual damages;

    c. Awarding punitive damages;

    d. Awarding costs and attorneys' fees;

    e. Ordering an injunction preventing further wrongful contact by the Defendant; and

    a. Any other and further relief as this Court deems just and equitable.

### *Count 3: Violation of the Florida Consumer Collection Practices Act ("FCCPA")* <br> *(as against Debt Owner)*

51. Plaintiff re-alleges paragraphs 1-29 and incorporates the same herein by reference.

Plaintiffs' Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Holt v. TrueAccord Corp and Webbank d/b/a Klarna*
Page **8** of **10**

52. At all times relevant hereto, Debt Owner was directly and vicariously liable for the actions of Debt Collector.

53. Debt Collector violated the FCCPA. Debt Collector's violations include, but are not limited to, the following:

    a. Debt Collector violated Fla. Stat. § 559.72(18) by continuing to send Collection E-Mails directly to Ms. Holt after Debt Collector knew Ms. Holt was represented by an attorney with respect to such Debt and has knowledge of, or can readily ascertain, such attorney's name and address.

54. As a result of the above violations of the FCCPA, Ms. Holt has been subjected to illegal collection activities for which she has been damaged.

55. Debt Owner's actions have damaged Ms. Holt by violating her right to not be directly contacted with respect to the Debt while represented by an attorney.

56. Debt Owner's actions have damaged Ms. Holt by causing her stress.

57. Debt Owner's actions have damaged Ms. Holt by being a nuisance and causing her aggravation.

58. Debt Owner's actions have damaged Ms. Holt by invading her privacy.

59. It has been necessary for Ms. Holt to retain the undersigned counsel to prosecute the instant action, for which she is obligated to pay reasonable attorney's fees.

60. All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Owner as follows:

Plaintiffs' Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Holt v. TrueAccord Corp and Webbank d/b/a Klarna*
Page **9** of **10**

a. Awarding statutory damages as provided by Fla. Stat. § 559.77;

b. Awarding actual damages;

c. Awarding punitive damages;

d. Awarding costs and attorneys' fees;

e. Ordering an injunction preventing further wrongful contact by the Defendant; and

b. Any other and further relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, Jennifer Holt, demand a trial by jury on all issues so triable.

Respectfully submitted this **July 27, 2020**,

/s/ Kaelyn Steinkraus
Kaelyn Steinkraus, Esq.
Florida Bar No. 125132
kaelyn@attorneydebtfighters.com
Law Office of Michael A. Ziegler, P.L.
Debt Fighters
2561 Nursery Road, Suite A
Clearwater, FL 33764
(p) (727) 538-4188
(f) (727) 362-4778
Attorney and Trial Counsel for Plaintiff

Plaintiffs' Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Holt v. TrueAccord Corp and Webbank d/b/a Klarna*
Page **10** of **10**